# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JOHN ROUDYBUSH,**

                **Petitioner,**

     v.                                        CASE NO. 17-3135-SAC

**ATTORNEY GENERAL OF KANSAS,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

## Background

Petitioner was convicted in the District Court of Saline County, Kansas, in July 2015. His direct appeal was dismissed on June 30, 2016, due to his failure to file a brief. The mandate was issued on August 15, 2016. Petitioner did not seek review in the Kansas Supreme Court.[1]

## Analysis

Before seeking federal habeas corpus relief, a state prisoner must first properly exhaust available state court remedies. 28 U.S.C. § 2254(b)(1). To meet the exhaustion requirement, "[a] state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

In Kansas, this requires the petitioner to present the federal constitutional claims "to the highest state court, either by direct

---

[1] A copy of the appellate docket sheet is attached.

review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Therefore, before proceeding in federal court, a state prisoner must exhaust available state court remedies, show that there is an absence of available state remedies, or show that the state process is ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b)(1). A habeas petitioner has the burden of demonstrating that he has exhausted available state court remedies. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

Under Rule 4 of the Rules Governing Section 2254 Proceedings, a federal court must review a petition and should summarily dismiss the matter "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." The federal court may not excuse the petitioner from compliance with the exhaustion requirement unless the state remedies are inadequate to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1).

Here, the record does not suggest that the remedies available in the Kansas courts are ineffective; rather, it appears petitioner's appeal was dismissed after he failed to file briefing. Where it appears that a petitioner has failed to exhaust available state court remedies, the federal court may dismiss the matter without prejudice to allow the petitioner to pursue state court remedies. *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). Because it appears petitioner may have remaining, available post-conviction remedies, the Court will dismiss this matter without prejudice.

Finally, the Court notes that petitioner's claim in Ground Three (Doc. #1, p. 8) seeks damages for an injury he sustained while incarcerated. Because this claim does not concern the validity of his

conviction, it is not properly presented in a petition for habeas corpus; instead, petitioner may present this claim in a civil rights action. *See McInstosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action … attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.")(citation omitted).

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. #3) is granted.

IT IS FURTHER ORDERED the petition for habeas corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 11th day of August, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge